CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 22 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNY L. GARCIA,<br>    Plaintiff, | Case No. 7:13-cv-00080 |
| v. | **MEMORANDUM OPINION** |
| GEORGE HINKLE *et al.*,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Johnny L. Garcia, a Virginia inmate proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that officials at two state prisons violated his constitutional rights. Among many other things, Garcia alleges that a prison employee "failed to do her job" of transferring him to a different prison, that someone took his journals after prison staff placed him in solitary confinement, that the disciplinary board wrongfully suspended his visitation privileges after finding him guilty of conspiring to sneak tobacco into the prison, and that various prison employees directed racially insensitive language at him.

Under 28 U.S.C. § 1915A, district courts are required to review prisoner complaints for compliance with the basic rules of pleading, and in doing so, the court must either "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." § 1915A(b). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The familiar rules of pleading are greatly relaxed for *pro se* plaintiffs, however, and litigants with meritorious claims should not be stymied by technical requirements. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985). Still, the relaxation of the pleading rules is not without limits. A court must, at a minimum, be able to discern from the complaint the

parties being sued and the alleged conduct on which each claim rests. Though relaxed, the standard still demands general coherence, and it does not require courts "to conjure up questions never squarely presented to them." Id. at 1278.

If Garcia has viable constitutional claims, they are well camouflaged within his 5000-word complaint and the numerous documents he has attached to it. In its present form, Garcia's complaint consists of dozens of tangentially related anecdotes involving dozens of individuals with questionable relationships to any discernible constitutional violations. While the pleading rules do not impose an exacting standard on Garcia, and while the court is solicitous of any legitimate constitutional claims he has, he must offer a relatively straightforward statement of his claims on which the defendants can base an answer or on which the court can base a judgment. Accordingly, the court dismisses Garcia's complaint without prejudice for failure to state a claim.

**ENTER**: July 22, 2013.

_____
UNITED STATES DISTRICT JUDGE